# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STACEY J. WILLIAMS f/k/a STACEY J. EDMONDS, ) ) Plaintiff, ) ) v. ) ) MEGGITT (ROCKMART), INC. and ROOT STAFF CORPORATION, ) ) Defendants. ) ) | CIVIL ACTION FILE NO. _____ |

## COMPLAINT

COMES NOW Plaintiff STACEY J. WILLIAMS f/k/a STACEY J. EDMONDS (hereinafter referred to as "Ms. Williams") and files this Complaint against Defendants MEGGITT (ROCKMART), INC. (hereinafter "MEGGITT") and ROOT STAFF CORPORATION (hereinafter, "ROOT") (collectively "Defendants"), and for her cause of action alleges as follows:

## INTRODUCTION

1. This is a civil action for equitable relief and money damages sustained by a citizen of the United States as a result of racial discrimination and retaliation and is brought pursuant to Title VII of the Civil Rights Act of

1964; 42 U.S.C. § 2000e *et seq.* and Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981).

## PARTIES

2. Plaintiff is an African-American, female citizen of the United States residing in Bartow County, Georgia.

3. Defendant MEGGITT is a foreign (Delaware) for profit corporation registered to do business in the State of Georgia with a principal office address of 669 Goodyear Street, Rockmart, Georgia 30153. Defendant's registered agent for service is CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046 where it may be served with civil process.

4. Defendant ROOT is a foreign (Florida) for profit corporation not registered to do business in the State of Georgia with a principal office address of 601 21st Street, Suite 300, Vero Beach, Florida 32960. Defendant's registered agent for service is Business Filings Incorporated, 1200 South Pine Island Road, Plantation, Florida 33324 where it may be served with civil process.

5. Defendants were Ms. Williams's "joint employers" because ROOT is a temporary staffing company which employed Ms. Williams and placed her in a position with its client, MEGGITT, which controlled Ms.

Williams, and each Defendant had the power to terminate Ms. Williams' employment.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1981 and 2000e-2, and the Court has original jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4) and § 1331.

7. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices were committed in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

8. On December 9, 2022, Ms. Williams timely filed a charge of discrimination against MEGGITT with the Atlanta District Office of the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and unlawful retaliation. The EEOC assigned this Charge of Discrimination Number 410-2022-01600 (the "MEGGITT Charge").

9. On April 12, 2022, Ms. Williams timely filed a charge of discrimination against ROOT with the Atlanta District Office of the EEOC alleging race discrimination and unlawful retaliation. The EEOC assigned this Charge of Discrimination Number 410-2022-04317 (the "ROOT Charge").

10. On or about June 27, 2023, the EEOC issued Ms. Williams a Determination and Notice of Rights for the MEGGITT Charge and the ROOT Charge. Ms. Williams timely filed this civil action less than 90 days after the EEOC issued Ms. Williams its Determination(s) and Notice of Rights.

## STATEMENT OF FACTS

11. In or about mid-August 2021, ROOT employed Ms. Williams to perform the duties of a temporary, full-time "HR Assistant" to work at the location of its client, MEGGITT, in Rockmart, Georgia during its peak hiring season.

12. The HR Assistant Position with MEGGITT for which Ms. Williams was hired was expected to last at least six (6) months or more.

13. MEGGITT needed Ms. Williams to fill this position because, during this time, MEGGITT was advertising heavily, holding and attending job fairs, and hiring approximately 10 new employees per week.

14. According to ROOT's job description, the HR Assistant Position required the employee to be "comfortable speaking with candidates to schedule plant tours, follow up on requested documentation and filter questions."

15. Part of Ms. Williams's job duties at MEGGITT included employee recruitment, sending employment offer letters, scheduling employment drug screenings, assisting with employee background screenings, taking photos for employees' badges and facilitating new hire orientation.

16. At the time of hire, ROOT agreed to pay Ms. Williams an hourly wage of $15.00 per hour.

17. In September 2021, Defendants increased Ms. Williams's hourly wage to $18.00 per hour.

18. In September 2021, Ms. Williams applied for and was interviewed for an available HR Coordinator position with MEGGITT.

19. In or around November 2021, MEGGITT ultimately hired Laura Jennings, a Caucasian woman to fill the HR Coordinator position.

20. The individual MEGGITT hired for the HR Coordinator position was less qualified, had less job-related experience, and had less formal education than Ms. Williams.

21. In contrast to Ms. Williams, the individual MEGGITT hired to fill the HR Coordinator position had no background in Human Resources and had no knowledge of the Family and Medical Leave Act – a policy area for which MEGGITT's HR Coordinator had responsibility.

22. Shortly before MEGGITT hired Ms. Jennings for the HR Coordinator position, Ms. Williams' supervisor, Nicole Green, advised her that Wendy Ray, a Caucasian Human Resources Representative with MEGGITT informed her that Ms. Ray wanted MEGGIT's Human Resources Staff to be more "[racially] diverse." At the time, MEGGITT's HR Staff was mostly African-American.

23. On December 9, 2021, Ms. Williams complained to Nicole Green, her immediate supervisor, that she believed she was unfairly passed over for the available HR Coordinator position because of her race, informing Ms. Green that she would be filing a formal complaint against MEGGITT for race discrimination.

24. The same day, December 9, 2021, Ms. Williams filed a complaint with the U.S. Department of Labor, Office of Federal Contract Compliance Programs ("OFCCP") against MEGGITT alleging race discrimination in employment.

25. At approximately 10:00 p.m. on December 9, 2021, Donna Bradshaw, ROOT's Program Director, telephoned Ms. Williams to inform her that MEGGITT had discharged Ms. Williams from her HR Assistant Position because Ms. Williams had complained that day about being the victim of alleged race discrimination in employment.

26. Since MEGGITT notified of her discharge from her HR Assistant position, ROOT has failed and refused to place her in other positions.

**COUNT I: VIOLATION OF TITLE VII'S PROHIBITION AGAINST DISCRIMINATION ON THE BASIS OF RACE**

27. The allegations set forth in paragraphs 11 through 26 are restated and incorporated herein by reference.

28. Ms. Williams is African-American.

29. In mid-September 2021, Ms. Williams applied and interviewed with MEGGITT for an available, full-time HR Coordinator position.

30. MEGGITT rejected Ms. Williams for the HR Coordinator position, instead hiring a Caucasian female who had less relevant work experience, less subject-matter training and less formal education than Ms. Williams.

31. MEGGITT's stated reason for not hiring Ms. Williams for the HR Coordinator position was pretextual and was instead because of her race.

32. MEGGITT's decision not to offer Ms. Williams the HR Coordinator position was unlawfully motivated by Plaintiff's race and constitutes a violation of her rights under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e et seq., for which Plaintiff is entitled to economic and non-economic relief in an amount to be specifically proven at trial.

33. Defendants' actions were willful, intentional, malicious and conducted in bad faith, entitling Plaintiff to an award of punitive damages.

## COUNT II: VIOLATION OF 42 U.S.C. 1981

34. The allegations set forth in paragraphs 11 through 26 are restated and incorporated here by reference.

35. The above-described actions constitute a violation of the Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981) entitling Ms. Williams to relief thereunder in an amount to be specifically proven at trial.

## COUNT III: VIOLATION OF TITLE VII'S PROHIBITION AGAINST UNLAWFUL RETALIATION

36. The allegations set forth in paragraphs 11 through 26 are restated and incorporated herein by reference.

37. On December 9, 2021, Ms. Williams engaged in protected speech when she complained to MEGGITT about conduct she reasonably believed violated her federally-protected civil rights to be free from unlawful discrimination in the workplace based upon her race.

38. At approximately 10:00 p.m. on December 9, 2021, Defendants unlawfully retaliated against Ms. Williams for engaging in the aforementioned protected speech by terminating her employment.

39. Defendants' proffered reason for terminating Ms. Williams's employment is pretextual.

40. As a direct and proximate result of Defendants' unlawful actions, Ms. Williams has suffered economic in the form of lost wages and benefits, and non-economic losses in the form of compensatory damages in an amount to be specifically proven at trial.

41. Defendants' actions were willful, intentional, malicious and conducted in bad faith, entitling Ms. Williams to an award of punitive damages.

WHEREFORE, Plaintiff prays as follows:

a. that the Court permanently enjoin Defendants from engaging in unlawful employment practices in the future;

b. that the Court order that Plaintiff be awarded back pay, front pay, value of benefits lost, and pre-judgment interest thereon;

c. that the Court award Plaintiff allowed economic and non-economic compensatory damages pursuant to 42 U.S.C. § 1981a;

d. that the Court award Plaintiff her reasonable attorney's fees, expert witness fees, and costs of litigation pursuant to 42 U.S.C. § 1981a;

  e. that the Court award Plaintiff punitive damages in an amount to be determined by the enlightened conscience of the jury pursuant to 42 U.S.C. § 1981a; and

  f. all other relief this Court deems proper.

  **PLAINTIFF DEMANDS A TRIAL BY JURY**

        Respectfully submitted,

        */s/ Dean R. Fuchs*
        DEAN R. FUCHS
        Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, N.W., Suite 2700
Atlanta, Georgia 30303
(404) 688-6800 telephone
(404) 688-6840 facsimile
d.fuchs@swtwlaw.com